LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (Cal. Bar No. 215888)
brandon@bblocklaw.com
9440 Santa Monica Blvd., Ste. 301
Beverly Hills, CA 90210
Telephone: 424.600.9454
Facsimile:  424.600.9454

Attorneys for Plaintiff
JOSE MENDOZA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MENDOZA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>FOX TOWING & RECOVERY LLC, a California limited liability company; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:23-cv-7178<br><br>**COMPLAINT FOR WRONGFUL REPOSSESSION**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Jose Mendoza alleges as follows:

**JURISDICTION AND VENUE**

1.　The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k), and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

2.　Venue is proper in the Central District in that, among other things, a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

**PARTIES**

3.　Plaintiff is an individual over the age of 18, a resident of Los Angeles County and a citizen of California.

1
COMPLAINT

4. Defendant Fox Towing & Recovery LLC is a California limited liability company with its principal place of business in South El Monte, California. Fox Towing & Recovery is a "repossession agency", as defined in California Business and Professions Code § 7500.2.

5. Plaintiff does not know the true names, identities, and capacities of Does 1 through 10, inclusive, and therefore sues those defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities and capacities of the Doe defendants when plaintiff discovers such information.

## OPERATIVE FACTS

6. Plaintiff purchased a motor vehicle primarily for personal, family or household use from a car dealership. Plaintiff signed a written purchase contract which gave the dealership a security interest in the vehicle. The dealership assigned the contract to Sol Acceptance, LLC.

7. Sol Acceptance hired Fox Towing & Recovery to conduct the nonjudicial ("self-help") repossession of plaintiff's vehicle, based on an alleged payment default under his contract. Fox Towing & Recovery completed the repossession of plaintiff's vehicle on June 18, 2023 (Father's Day), by entering private property at plaintiff's residence in Long Beach, California, which was secured by a locked gate and fence, without permission. Accordingly, Fox Towing & Recovery breached the peace in conducting the repossession of plaintiff's vehicle, in violation of California Commercial Code § 9609(b)(2) and the Collateral Recovery Act, Cal. Bus. & Prof. Code § 7508.2(d).

8. Plaintiff has suffered damages as a result of defendants' conduct, including, but not limited to, permanent loss of his vehicle and emotional distress, all of which are subject to proof.

**FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**(Against All Defendants)**

9. Plaintiff realleges and incorporates herein by reference all of the above allegations.

10. Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id., § 1692(e).

11. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in that he is a natural person obligated or allegedly obligated to pay a "debt". Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) in that they are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests. The purported debt which defendants attempted to collect from plaintiff is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that defendants sought to enforce a security interest related to an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

12. Defendants violated 15 U.S.C. § 1692f(6) of the FDCPA by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest. Defendants had no present right to possession of plaintiff's vehicle due to their breach of the peace, as alleged herein.

13. As a direct and proximate result of defendants' violations of the FDCPA, plaintiff has been damaged in amounts which are subject to proof.

14. Plaintiff is entitled to recover his actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

15. Plaintiff is entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

16. Plaintiff is entitled to recover his attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF – VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES

### (Against All Defendants)

17. Plaintiff realleges and incorporates herein by reference all of the above allegations.

18. The California Legislature enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("Rosenthal Act"), to ensure the integrity of our banking and credit industry, finding that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Id., §§ 1788.1(a)(2) & 1788.1(b).

19. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought, directly or indirectly, to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Id., § 1788.2(d). Defendants are "debt collectors" within the meaning of California Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, directly or indirectly engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a

consumer credit transaction.

20. Defendants violated California Civil Code § 1788.10(a) by using or threatening use of physical force, violence or any criminal means to cause harm to the person, or the reputation, or the property of any person. Defendants' criminal means which caused harm to plaintiff and his property included violations of California Business & Professions Code § 7502.1(a), by violating Business & Professions Code § 7508.2(d), and California Penal Code §§ 602(k) and (n).

21. Defendants violated 15 U.S.C. § 1692f(6) of the FDCPA by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest. Defendants had no present right to possession of plaintiff's vehicle due to their breach of the peace, as alleged herein. By violating the provisions of 15 U.S.C. § 1692f(6)(A), defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

22. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts that are subject to proof.

23. Plaintiff is entitled to recover his actual damages pursuant to California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

24. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages pursuant to California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, California Civil Code § 1788.30(b).

25. Plaintiff is entitled to recover his attorney's fees and costs pursuant to California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, California Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF – CONVERSION

### (Against All Defendants)

26. Plaintiff realleges and incorporates herein by reference all of the above allegations.

27. Plaintiff was entitled to immediate possession of his vehicle when it was repossessed by defendants. Defendants wrongfully deprived plaintiff of possession of his vehicle by repossessing it without any present right to do so, due to their breach of the peace. Plaintiff has suffered and is entitled to recover damages for defendants' conversion.

28. Defendants acted with oppression, fraud or malice, within the meaning of California Civil Code § 3294, thereby entitling plaintiff to punitive damages in an amount according to proof. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For punitive damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of plaintiff's attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: August 30, 2023

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

/s/ Brandon A. Block
Brandon A. Block

Attorneys for Plaintiff
JOSE MENDOZA